IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 4:14CR00213-HEA |
| v. ) | |
| ) | |
| AMBER SCHLOTTACH, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT AMBER SCHLOTTACH'S SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE**

COMES NOW the Defendant, AMBER SCHLOTTACH, by and through the undersigned counsel, and files the following memorandum, which addresses issues related to her sentencing.

**INTRODUCTION**

Defendant Amber Schlottach is a 25-year-old white, non-Hispanic female who presents herself before this Honorable Court for sentencing after pleading guilty to a charge of Conspiracy to Commit Money Laundering. The PSR filed by Thomas B. Sullivan of the United States Probation Office calculates a total offense level of seventeen (17) and a criminal history category of I, giving Ms. Schlottach a guideline imprisonment range of 24 to 30 months. The parties in this matter entered into a plea agreement and agreed that the Defendant may request a sentence below the applicable guideline range pursuant to any chapter of the Sentencing Guidelines, Title 18, United States Code, section 3553, or any other provision or rule of law.

1

The Defendant respectfully recommends and requests a sentence of probation. The Government does not oppose the Defendant's request for a sentence of probation.

## ARGUMENT

*APPLICATION OF 18 U.S.C. § 3553 SENTENCING FACTORS*

18 U.S.C. § 3553(a) provides that this Court is to impose a sentence that is sufficient but not greater than necessary. This Court is to impose a sentence consistent with a particular offender's crime and background, and which further satisfies the prescribed goals of protecting the public, promoting respect for the law, and providing just punishment for the offense. *See generally,* 18 U.S.C. § 3553(a)(2). In determining the appropriate sentence, this Court must consider the following:

(1) nature and circumstances of the offense and the history and characteristics of the defendant;

(2) need for the sentence imposed to accomplish each of the purposes of sentencing listed in § 3553(a)(2);

(3) kinds of sentences available to the Court;

(4) the Sentencing Guidelines;

(5) relevant policy statements issued by the Sentencing Commission;

(6) need to avoid unwarranted sentencing disparities among similarly situated defendants; and

(7) need to provide restitution to the victims.

*See* 18 U.S.C. § 3553(a).

18 U.S.C. § 3661 precludes courts from placing limits on the information they receive "…concerning the background, character of a person convicted of an offense..."

Imposing a sentence below the guideline range comports with the defined statutory goals in sentencing, where this Court should consider, at a minimum, the underlying facts

and circumstances surrounding the offense at issue and impose a sentence aligned with a particular offender's background. *See generally,* 18 U.S.C. § 3553(a). The portion of the memorandum below addresses the mitigating factors which should be considered by the Court pursuant to Title 18 U.S.C. § 3661 when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing.

    a.    **Nature and Circumstances of the Instant Offense**

Ms. Schlottach was taken into custody by the U.S. Marshals Service in St. Louis, Missouri on July 16, 2014. She was released on bond on July 18, 2014. Ms. Schlottach voluntarily pled guilty to one count of Conspiracy to Commit Money Laundering, pursuant to the plea agreement. Ms. Schlottach has clearly demonstrated acceptance of responsibility by providing a truthful admission regarding her involvement in the instant offense.

    b.    **Personal Characteristics**

*Family History*

Ms. Schlottach was born in Gasconade County, Missouri. She was raised primarily by her mother, but saw her father weekly. She does not have any siblings. Until the age of eight, Ms. Schlottach and her mother lived with her maternal grandmother, who is now deceased, on a working farm. Ms. Schlottach's father died of cancer in the fall of 2014. Ms. Schlottach maintains a close relationship with her mother and has a strong support system.

Since she was released on bond on July 18, 2014, Ms. Schlottach has worked hard to start a new life for herself. She ended the relationship with her co-defendant, Jarod Horvath, and moved across the country from him. Initially, Ms. Schlottach resided with her mother in Hannibal, Missouri. She obtained employment as a server while living in Hannibal. In November 2014, Ms. Schlottach moved from Hannibal to St. Louis, Missouri, where she

3

lived alone in an apartment. She also obtained employment as a server in St. Louis. From July 18, 2014 through December 29, 2014, Ms. Schlottach was subject to electronic monitoring as a condition of her bond. During this time, Ms. Schlottach did not have any violations and complied with all conditions of release. As a result, the electronic monitoring condition was removed on December 29, 2014. Since this time, Ms. Schlottach has not had any violations and has complied with all conditions of release.

Ms. Schlottach has been consistently employed while on bond and is currently employed as a server at Bricktop's in Frontenac, Missouri, where she works full-time six days per week. She is currently renting an apartment in St. Louis and living on her own.

*Criminal History*

Ms. Schlottach has no criminal history.

*Health History*

At the age of 20, Ms. Schlottach was treated for depression and prescribed Prozac for approximately one year.

*Substance Abuse History*

Ms. Schlottach first used marijuana at the age of 20 and last used marijuana 2014. She reported smoking marijuana bi-weekly during that time. She also reports drinking alcohol on special occasions.

Ms. Schlottach has attended substance abuse counseling at Gateway GFI Services and submitted to drug testing at Avertest, both in St. Louis, Missouri.  All tests were negative for the use of controlled substances.

    c.    **Other 18 U.S.C. § 3553 Statutory Sentencing Factors**

*The Need to Avoid Unwarranted Sentencing Disparities*

The Court should consider the need to avoid unwarranted sentencing disparities among similarly situated defendants. Four of Ms. Schlottach's five co-defendants have already been sentenced. Three of these four co-defendants have been sentenced to probation. The Court should consider that Ms. Schlottach pled guilty to similar conduct and has a similar record to her co-defendants that have received sentences of probation.

## CONCLUSION

A sentence below the guideline range is consistent with the objectives and associated points of consideration set forth in 18 U.S.C. § 3553(a). Therefore, Defendant respectfully requests and recommends that this Honorable Court impose a sentence of probation.

WHEREFORE, Defendant respectfully requests this Honorable Court to take into consideration the circumstances set forth above in determining the appropriate sentence in this case. Accordingly, Defendant requests a downward variance from the Guideline range calculated in the PSR to a sentence of probation.

Defendant respectfully requests that this Honorable Court:

1. Render a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553;

2. Consider mitigating factors pursuant to 18 U.S.C. § 3661 when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing;

3. Impose a sentence of probation, under any circumstances and conditions this Court deems just and proper.

5

          Respectfully submitted,

          /s/Allison F. Stenger
          ALLISON F. STENGER, #65208MO
          Attorney for Defendant
          1505 S. Big Bend Blvd.
          St. Louis, Missouri 63117
          Telephone: (314) 863-1117
          Fax: (314) 863-1118
          astenger@lawsaintlouis.com

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on this 19th day of June, 2015, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of records.

          /s/Allison F. Stenger